UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PREPARED FOOD PHOTOS, INC.,,

      Plaintiff,

-against-

CHICKEN JOES, LLC,

      Defendant.

23-CV-3895 (JGLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

  This motion for default judgment was referred to Magistrate Judge Willis for a Report and Recommendation. *See* ECF No. 21. In the Report and Recommendation filed on January 12, 2024, Magistrate Judge Willis recommended that the motion be granted in part. *See* ECF No. 22.

  In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

  In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 22. In addition, the Report and Recommendation expressly called the parties'

attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law.

This case raises the question of whether a repost of a copyrighted image on social media (in this case, a "retweet" on Defendant's Twitter page) constitutes a "display" of the work that is actionable for copyright infringement. While "[t]he Second Circuit has not squarely addressed the question of under what circumstances internet re-postings infringe display or distribution rights," *Trombetta v. Novocin*, No. 18-CV-993 (RA), 2021 WL 6052198, at *12 (S.D.N.Y. Dec. 21, 2021), the Court joins other courts in this district in finding that embedding[1] a work such as an image constitutes "display" that is actionable for infringing a copyright in the image. *See McGucken v. Newsweek LLC*, No. 19-CV-9617 (KPF), 2022 WL 836786, at *6 (S.D.N.Y. Mar. 21, 2022) (finding that Defendant "displayed" photograph when it embedded it in an article published on its website); *Nicklen v. Sinclair Broad. Grp., Inc.*, 551 F. Supp. 3d 188, 194 (S.D.N.Y. 2021) ("The Copyright Act's text and history establish that embedding a video on a website 'displays' that video."). Thus, for the reasons stated in the Report and Recommendation, Defendant's retweet of Plaintiff's copyrighted photograph "shows a copy" which constitutes "display" of a work as defined by the Copyright Act 17 U.S.C. § 101.

---

[1] A detailed explanation of the embedding process is helpfully set forth in *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585, 587, 595 (S.D.N.Y. 2018).

Accordingly, the Report and Recommendation is ADOPTED in its entirety. The Court enters a final default judgment against Defendant and an award of $27,336.32, which consists of $23,976.00 in statutory damages, $500.32 in reimbursement for costs, and $2,860 in attorney's fees. Plaintiff is further granted an injunction permanently enjoining Defendant from infringing conduct.

The Clerk of Court is directed to terminate ECF No. 17 and close the case.

SO ORDERED.

Dated: February 1, 2024
New York, New York

_Jessica Clarke_
JESSICA G. L. CLARKE
United States District Judge